**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRANCES E. COINER,
Plaintiff-Appellant,

v.

No. 97-1434

KENNETH APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CA-95-131-7-3BR)

Argued: April 9, 1998

Decided: May 4, 1998

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Jerry Wall, LEGAL SERVICES OF THE LOWER
CAPE FEAR, INC., Wilmington, North Carolina, for Appellant. Bar-
bara Dickerson Kocher, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee. **ON BRIEF:** Deidra L. Jones, LEGAL
SERVICES OF THE LOWER CAPE FEAR, INC., Wilmington,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frances E. Coiner appeals the district court's judgment in favor of John J. Callahan, the Acting Commissioner of the Social Security Administration (Commissioner). The district court adopted the Magistrate Judge's recommendation to grant judgment on the pleadings for the Commissioner because substantial evidence supported the Administrative Law Judge's (ALJ) finding that Coiner was not without fault in causing and accepting an overpayment of disability payments in the amount of $11,298.00 and, therefore, recovery of the overpayment should not be waived. We affirm.

Coiner applied for disability insurance benefits on February 13, 1987. Her claim was approved with an onset date of May 6, 1986. Coiner was notified on August 28, 1993, that she had been overpaid $11,298.00 in disability insurance benefits for the period from December 1988 to May 1991.[1] Coiner requested a hearing before an ALJ to challenge the overpayment determination. The ALJ held a hearing on July 28, 1994. On September 20, 1994, the ALJ issued an order finding that Coiner, after completing a trial work period, engaged in work-related activities from December of 1988 to August of 1991 and that her earnings from that period exceeded the minimum earnings levels for substantial gainful activity set forth by 20 C.F.R. § 404.1574. Coiner argued that the medical expenses she incurred during the relevant period should lower her earnings below substantial gainful activity levels. The ALJ rejected this argument, however, because the evidence indicated that Coiner was reimbursed for the

_____

[1] Coiner was notified that she had been overpaid disability benefits for the relevant period on May 4, 1992. On June 24, 1992, Coiner requested a reconsideration of the overpayment. The Social Security Administration reconsidered the amount of overpayment to Coiner during the relevant period, and the August 28, 1993, notification followed.

medical expenses by private insurance plans. Furthermore, the ALJ noted that Coiner voluntarily declined enrollment in the medical insurance plan provided by Medicare, which could have reimbursed her for the cost of her medical expenses. Because Coiner merely argued that her earnings should be offset by her medical expenses and admitted that she had ongoing communications with the Social Security Administration regarding her continuing benefits during the relevant time period, the ALJ concluded that Coiner accepted payments which she knew or should have been expected to know were incorrect. A waiver of overpayment of benefits is permitted only if a beneficiary demonstrates both that she is without fault in receiving the overpayment and that recovery of the overpayment would defeat the purpose of the Act or would be against equity and good conscience. See 42 U.S.C.A. § 404(b) (West Supp. 1998). The ALJ ordered that recovery of the overpayment was not waived because Coiner was not without fault in receiving the overpayment.[2] The ALJ's decision of September 20, 1994, became the final decision of the Commissioner when the Appeals Council denied Coiner's request for review of the ALJ's decision.

Coiner brought an action in the United States District Court for the Eastern District of North Carolina to obtain a review of the Commissioner's final decision. Both parties filed cross motions for judgment on the pleadings. Coiner did not dispute that she had received an overpayment of Social Security benefits. Instead, she argued that she relied upon erroneous information from an official source within the Social Security Administration. She also argued that the ALJ failed to make a proper determination as to her credibility and did not consider her mental condition in determining whether she was without fault in accepting the overpayment of benefits. The Magistrate Judge to whom the matter had been referred rejected Coiners' arguments, concluding that the ALJ made sufficient findings and that his findings were supported by substantial evidence. Therefore, he recommended the entry of judgment on the pleadings for the Commissioner.[3] The

_____

**2** The ALJ also recommended the establishment of a monthly repayment plan because Coiner felt that a lump sum payment would cause her financial hardship.

**3** The findings of the Commissioner are conclusive if supported by substantial evidence. See 42 U.S.C.A. § 405(g) (West Supp. 1998). Substan-

3

district court, after a de novo review, adopted the Magistrate Judge's recommendation and granted the Commissioner's motion for judgment on the pleadings.

We have reviewed the record, briefs, and pertinent case law in this matter, and we have had the benefit of oral argument. Our review persuades us that the district court correctly ruled that substantial evidence supported the ALJ's determination that Coiner was overpaid benefits in the amount of $11,298.00 for the period December 1988 through August 1991 and that she was not without fault in causing and accepting the overpayment. Accordingly, we affirm on the reasoning set forth in the district court's order adopting the Magistrate Judge's recommendation. See Coiner v. Chater, No. 7:95-CV-131-BR(3) (E.D.N.C. Jan. 28, 1997).

AFFIRMED

_____

tial evidence is "`more than a mere scintilla.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). It is "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Edison, 305 U.S. at 229.)

4